UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| COREY ALLEN BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-457-TAV-CCS |
| | ) | |
| TENN. DEPT. OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion of Counsel to Withdraw as Attorney of Record Pursuant to Local Rule 83.4(f) [Doc. 45], filed by Attorney Phil Lomonaco on October 23, 2014. In the Motion to Withdraw, Mr. Lomonaco moves the Court to withdraw as counsel for the Plaintiff in this case. The Plaintiff has not actually filed a specific response to the Motion to Withdraw. However, he has filed *pro se* numerous motions asking that the Court direct Mr. Lomonaco "to uphold" his representation in this case, [see Docs. 46, 47, 51]. The Court finds that this issue is ripe for adjudication. For the reasons stated herein, the Motion to Withdraw [Doc. 45] will be **GRANTED**, and Plaintiff's *pro se* motions relating to Mr. Lomonaco [Docs. 46, 47, 51] will be **DENIED**.

The Complaint in this case was filed on August 1, 2013, alleging civil rights violations. On October 16, 2013, Mr. Lomonaco filed a notice of appearance as counsel on behalf of the Plaintiff. As early as January of 2014, the Plaintiff began writing letters to the Court, rather than acting through his counsel. [See Docs. 13, 14, 15, 17]. On March 25, 2014, Mr. Lomonaco

moved the Court to permit him to withdraw as counsel in this case. The Court denied this request, without prejudice, because Mr. Lomonaco had not complied with Local Rule 83.4, which governs withdrawal of counsel. Plaintiff also filed two *pro se* motions asking that Mr. Lomonaco be ordered to continue in his representation. [Doc. 23, 26]. One of these motions was denied as moot, and the other was withdrawn. On April 21, 2014, Mr. Lomonaco filed a notice indicating that he and Plaintiff had reconciled and stating that he no longer sought to withdraw as counsel. [Doc. 28].

On May 15, 2014, Plaintiff resumed his habit of presenting *pro se* filings. [See, e.g., Docs. 31, 32, 33]. In the Summer of 2014, Mr. Lomonaco and opposing counsel began discovery under Rule 26 of the Federal Rules of Civil Procedure, but the Plaintiff made repeated requests to receive documents from the Clerk of Court and continued to mail his own documents to the Clerk of Court, [see, e.g. Docs. 42, 43, 44].

On October 23, 2014, Mr. Lomonaco filed the instant Motion to Withdraw [Doc. 45]. With regard to the requirements of Local Rule 83.4, Mr. Lomonaco provided the Plaintiff's last known address and certified that a copy of the Motion to Withdraw was mailed to the Plaintiff on October 7, 2014. Finally, Mr. Lomonaco certified that the requirements of Local Rule 83.4 had been met.

In further support of his request to withdraw, Mr. Lomonaco states that Mr. Bennett has made extraordinary and burdensome demands far beyond the anticipated scope of the original litigation. Mr. Lomonaco represents that he agreed to take this case on a contingency basis and has not received any compensation for his work on this case. Mr. Lomonaco notes that, despite having counsel in this case, the Plaintiff has persisted in presenting his own *pro se* filings to the Court. Moreover, Mr. Lomonaco states the Plaintiff contacted counsel for the Defendant to attempt to negotiate a settlement, without the knowledge, consent, or advice of Mr. Lomonaco.

2

Further, Mr. Lomonaco represents that the Plaintiff has now filed a complaint regarding Mr. Lomonaco with the Tennessee Board of Professional Responsibility, which Mr. Lomonaco believes contains false statements.

For his part, the Plaintiff maintains that permitting Mr. Lomonaco to withdraw as counsel in this case would delay the litigation. [See Doc. 47]. Plaintiff argues that his correspondence to Mr. Lomonaco has not been abusive or overly burdensome. Plaintiff concedes that he contacted the Board of Professional Responsibility, because at that time, he believed Mr. Lomonaco was not meeting the goals and obligations of the litigation. Plaintiff contends that the disagreements between him and Mr. Lomonaco can be easily resolved.

The Court has considered the Plaintiff's position, Mr. Lomonaco's position, the procedural posture of this case, Local Rule 83.4, and the applicable case law, and the Court finds that Mr. Lomonaco's request to withdraw is well-taken.

As an initial matter, the Court finds that Mr. Lomonaco has complied with the provisions of Local Rule 83.4. The Court finds that Mr. Lomonaco has complied with the requirements of Local Rule 83.4 by providing the Plaintiff's contact information, serving the Plaintiff with a copy of the motion fourteen days in advance of its filing, and certifying that the requirements of Rule 83.4 have been met.

As noted by the Plaintiff, Rule 83.4 permits the Court to deny a request to withdraw "if doing so will delay the trial." E.D. Tenn. L.R. 83.4(f). The Court finds that there is no trial set in this case, and therefore, there is little danger of the trial being delayed by Mr. Lomonaco's withdrawal. Moreover, while Plaintiff appears to be under the impression that discovery in this case is well underway, it appears to the undersigned that the parties have only begun the preliminary stages of discovery. Accordingly, the Court finds that there is no basis for denying the request to withdraw based upon the potential of delaying the trial in this case.

3

Additionally, the Court finds that the relationship between Plaintiff and Mr. Lomonaco is irretrievably broken. The Plaintiff and Mr. Lomonaco have had disagreements in the past regarding this representation, and they attempted to reconcile following that initial schism. However, the reconciliation has been short-lived, and the Court has little reason to believe that they could successfully reconcile and continue in an attorney-client relationship. Moreover, Plaintiff's *pro se* filings and attempts to contact counsel for the Defendant demonstrate a desire to litigate this case on his own, without counsel. Under such circumstances and with the local rule regarding withdrawal of counsel having been met, the Court finds that it would be inappropriate to force Mr. Lomonaco to continue as counsel in this case.

Further, the Court would note that the Court of Appeals for the Sixth Circuit has held that appointment of counsel in a civil case is not a constitutional right. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Thus, the Plaintiff is not entitled to the assistance of counsel in this case.

Finally, the Court finds that Mr. Lomonaco accepted this representation on a contingency basis and has not received any compensation for the work he has performed thus far. Therefore, there is no basis for the Court considering the equities of whether a refund or other equitable arrangement need be made.

Accordingly, the Court finds that the Motion to Withdraw **[Doc. 45]** is well-taken, and it is **GRANTED**. The Plaintiff's *pro se* motions relating to Mr. Lomonaco **[Docs. 46, 47, 51]** are **DENIED.**

The Plaintiff is hereby **ADMONISHED** that he is deemed to be proceeding *pro se*. If and until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if Plaintiff elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and

responding to any requests for relief by other parties.  The Plaintiff, like any other party, is expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders, and any failure to comply with such could result in imposition of sanctions up to and including dismissal of this case.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge